UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ARMANDO ARCE,

     Plaintiff,

v.                                                    Case No. 3:21cv833-MCR-HTC

MIGUEL CARDONA,
  U.S. Secretary of Education,

     Defendant.

_____/

## **REPORT AND RECOMMENDATION**

     Plaintiff brings this suit against Defendant Miguel Cardona, the Secretary of the Department of Education, for allowing various financial institutions, identified as "contractors" to "re-disclose" his personal information and submit inaccurate information to the credit reporting bureaus regarding his student loans. ECF Doc. 17. Plaintiff seeks damages for breach of contract, fraud in the inducement, conversion, and violating the Privacy Act of 1974, 5 U.S.C. § 552, et seq., and the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA").

Cardona moves to dismiss the amended complaint on the following grounds: (1) Plaintiff has not stated a claim under *Bivens*[1] or the Privacy Act and (2) the Court lacks jurisdiction over Plaintiff's fraud, conversion, breach of contract, and FCRA claims. ECF Doc. 19. Upon consideration of the motion and Plaintiff's opposition, ECF Doc. 21, the undersigned recommends the motion be GRANTED.

## I. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(1) challenges the court's subject-matter jurisdiction, and Rule 12(b)(1) permits a facial or factual attack. *McElmurray v. Consol. Gov't of Au VH gusta–Richmond Cnty.,* 501 F.3d 1244, 1251 (11th Cir.2007). A Rule 12(b)(1) factual attack "challenge[s] the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Lawrence v. Dunbar,* 919 F.2d 1525, 1529 (11th Cir.1990) (citation and internal quotation marks omitted). When the attack is factual, "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* Therefore, "no presumptive truthfulness attaches to [the] plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.*

---

[1] *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971).

On a Rule 12(b)(1) facial attack, the court evaluates whether the plaintiff "has sufficiently alleged a basis of subject matter jurisdiction" in the complaint and employs standards similar to those governing Rule 12(b)(6) review. *Houston v. Marod Supermarkets, Inc.,* 733 F.3d 1323, 1335 (11th Cir.2013). Cardona's motion is based on a facial attack i.e., the Court lacks jurisdiction over Plaintiff's claims because of sovereign immunity.

When evaluating a motion to dismiss under Rule 12(b)(6), the question is whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citation omitted). However, "[l]abels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. *Id.* (quotations and citation omitted). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice, Inc.,* 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted).

Also, in considering a motion to dismiss for failure to state a claim, the Court reads Plaintiff's *pro se* allegations in a liberal fashion, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), and accepts "[a]ll well-pleaded facts in plaintiff's complaint and all reasonable inferences drawn from those facts . . . as true." *McGinley v. Houston*, 361 F.3d 1328, 1330 (11th Cir. 2004) (citation omitted). However, the duty of a court to construe *pro se* pleadings liberally does not require the court to serve as an attorney for the plaintiff. *Freeman v. Sec'y, Dept. of Corr.*, 679 F. App'x 982, 982 (11th Cir. 2017) (citing *GJR Invs., Inc. v. Cty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998)).

## II.    FAILURE TO STATE A CLAIM

As discussed in detail below, Plaintiff has failed to state a claim under *Bivens* or the Privacy Act.

### A.    42 U.S.C. § 1983 And *Bivens*

Plaintiff alleges this Court has jurisdiction over Plaintiff's claims under 28 U.S.C. § 1332, because the parties are diverse, and under 28 U.S.C. § 1343 because his civil rights have been violated. *Id.* at 1. Namely, Plaintiff contends the Court "has jurisdiction under Bivens and Section 1983, because Cardona "is a federal officer who is acting in the color of federal authority," who deprived plaintiff of rights under the Constitution or federal law and that he did so under color of state law. *Id.*

As an initial matter, Plaintiff has not stated a claim under 43 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) a violation of federal law or the Constitution; and (2) that the alleged violation was committed by a person acting under the color of state law. *Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005) (per curiam). The only defendant here is Cardona – Cardona is not a state actor. He is a federal employee. Thus, any claim against Cardona for violation of a constitutional right must fall under *Bivens*. Plaintiff, however, hast not stated a claim against Cardona under *Bivens*.

In *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), the Supreme Court "recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights," specifically for violation of the Fourth Amendment. *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 66 (2001). *Bivens*, however, has limited application. First, a *Bivens* claim must be against the federal officer, employee or agent in his/her individual capacity. *Id.* The purpose of *Bivens* is to deter individual officers from committing unconstitutional acts. *Malesko*, 534 U.S. at 71.

Here, Plaintiff contends he is suing Cardona, personally. ECF Doc. 21 at 3. However, Plaintiff's amended complaint is devoid of *any* allegation showing Cardona was personally involved with Plaintiff's loan, the reporting of any information related to Plaintiff's loan, or the disclosure of any information related

to Plaintiff's loan. Plaintiff's conclusory statement that Cardona breached the Master Promissory Note, absent specific factual allegations showing Cardona's personal involvement is not sufficient to survive Rule 12(b)(6) muster. *See Twombly,* 550 U.S. at 555, (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) ("more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"). Instead, it appears Plaintiff has named Cardona in this action solely because he is the Secretary of the Department of Education.[2] That is, Plaintiff is suing Cardona in his official capacity.

A *Bivens* claim, however, cannot be asserted against a federal employee in their official capacity.[3] *Rosario v. United States*, 538 F. Supp. 2d 480, 491 (D.P.R. 2008) (noting that a *Bivens* claim can only be brought against officials in their individual capacities); *see Jordan v. U.S. Dep't of Educ.,* 2018 WL 5300199, at *4 (M.D. Fla. Oct. 4, 2018) (dismissing similar claim as "implausible" because the Department is "a federal agency that cannot be sued under *Bivens*"). Indeed, such a

---

[2] In Plaintiff's response, he includes a paragraph on respondeat superior. It is wholly unclear how Plaintiff seeks to apply that theory to his allegations. Regardless, as Defendant points out, *respondeat superior* liability does not exist under *Bivens*. *See Ashcroft*, 556 U.S. at 675-76 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates on a theory of respondeat superior.").

[3] Although Plaintiff may sue Cardona in his official capacity for injunctive relief, Plaintiff's only injunctive relief is to have the Department of Education abide by the terms of the promissory note. A follow-the-law injunction is not an appropriate injunctive relief. *Burton v. City of Belle Glade*, 178 F.3d 1175, 1201 (11th Cir. 1999) (("Appellants seek to enjoin the city from discriminating on the basis of race ... As this injunction would do no more than instruct the City to 'obey the law,' we believe it would not satisfy the specificity requirements of Rule 65(d) and that it would be incapable of enforcement.").

claim would be one against the Department of Education, which is an agency of the United States, and the United States has not waived its sovereign immunity for constitutional tort claims. *See Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 477 (1994) (holding that sovereign immunity precludes damage claims against the United States government for constitutional violations); *Nalls v. Bureau of Prisons of U.S.*, 359 F. App'x 99, 100 (11th Cir. 2009) (per curiam) ("[Sovereign] immunity generally applies in an official capacity suit, which is akin to a suit against the official's agency or entity.").

Moreover, even if Plaintiff were to amend his allegations to include specific factual allegations of personal involvement and wrongdoing by Cardona, such claims would nonetheless fail because Plaintiff has not alleged any facts showing his constitutional rights have been violated by the disclosure of his personal information or submission of inaccurate loan information.[4]  Regardless, *Bivens* does not apply to all constitutional violations.  As stated above, in *Bivens,* the Court allowed plaintiff to bring a constitutional claim against a federal officer under the

---

[4] In Plaintiff's original complaint, Plaintiff alleges Defendant violated the double jeopardy clause of the Fifth Amendment by depriving him of "life, liberty, or property".  ECF Doc. 1 at 4.  Although Plaintiff's second amended complaint supersedes the original complaint, even if the Court were to consider this allegation, it does not save Plaintiff's *Bivens* action.  The Fifth Amendment has no application to this case.  The double jeopardy clause applies to criminal matters, *Hudson v. United States*, 522 U.S. 93 (1997), or to statutory financial penalties that are punitive in nature, *Rex Trailer Co. v. United States*, 350 U.S. 148, 154 (1956).  Similarly, to the extent Plaintiff is referring to a violation of due process under the Fifth Amendment, he has not alleged any facts to support such a violation.

Fourth Amendment. Since that time, the Supreme Court has recognized a *Bivens* remedy in only two other contexts: (1) a Fifth Amendment equal protection claim against a Congressman for gender-based employment discrimination, *Davis v. Passman*, 442 U.S. 228 (1979); and (2) an Eighth Amendment claim against federal prison officials for failing to adequately treat an inmate's medical condition, *Carlson v. Green*, 446 U.S. 14 (1980).

Defendant argues, in the alternative, that if the Court were to find that Plaintiff has set forth a claim against Cardona, in his individual capacity, the Court should dismiss Cardona under the Westfall Act and substitute the United States in his place. ECF Doc. 19-1. As Justice Ginsberg explained:

> The Federal Employees Liability Reform and Tort Compensation Act of 1988, commonly known as the Westfall Act, accords federal employees absolute immunity from common-law tort claims arising out of acts they undertake in the course of their official duties. See 28 U.S.C. § 2679(b)(1). When a federal employee is sued for wrongful or negligent conduct, the Act empowers the Attorney General to certify that the employee "was acting within the scope of his office or employment at the time of the incident out of which the claim arose." § 2679(d)(1), (2). Upon the Attorney General's certification, the employee is dismissed from the action, and the United States is substituted as defendant in place of the employee. The litigation is thereafter governed by the Federal Tort Claims Act (FTCA), 60 Stat. 842.

*Osborn v. Haley*, 594 U.S. 225, 231 (2007).

Plaintiff responds that the Westfall Act does not apply because "defendant has usurped authority not vested to him". ECF Doc. 21 at 3. Whether an employee's conduct falls within the scope of employment is government by state law and in

Florida, the employee's conduct is within the scope of employment if it (1) is of the kind he or she was employed to perform; (2) occurs "substantially within the time and space limits authorized or required by the work to be performed"; and (3) is "activated at least in part by a purpose to serve the master". *See Bunyan v. United States*, 501 F. Supp. 3d 1264, 1273 (M.D. Fla. 2020) (citing *Fields v. Devereux Found., Inc.*, 244 So.3d 1193, 1196 (Fla. 2d DCA 2018) (internal quotations omitted). Here, despite Plaintiff's scant allegations, it is clear Plaintiff takes issue with the management of his student loans – which would be a function that would fall within the scope of Cardona's employment as the Secretary of the Department of Education.

Regardless, when a certification is submitted, "[t]he United States … must remain the federal defendant in the action unless and until the District Court determines that the employee, *in fact,* and not simply as alleged by the plaintiff, engaged in conduct beyond the scope of his employment." *Osborn*, 594 U.S. at 231. The undersigned finds, however, that it is unnecessary to substitute the United States for Cardona, because, as stated above, the only plausible reading of Plaintiff's claims show they are against Cardona in his official capacity.

**B.    Privacy Act Claim**

Defendant argues this claim should be dismissed because Plaintiff has not named a United States agency as a defendant. As stated above, however, Plaintiff's

suit against Cardona is in his official capacity, which is, in essence, a suit against Defendant's agency employer – the Department of Education. *See Rice v. Holder*, 898 F.Supp.2d 291, 293 (D.C. Cir. 2012) ("A Privacy Act claim cannot be brought against an individual.").  Moreover, given Plaintiff's *pro se* status, even if the Court were to determine Plaintiff had not named the Department, the Court would grant Plaintiff leave to amend to do so.   Plaintiff's claim, however, fails on a more significant ground - Plaintiff has not set forth any facts to support a Privacy Act claim.

In 1974 Congress enacted the Privacy Act "to protect the privacy of individuals identified in government information systems by regulating the collection, maintenance, use and dissemination of personal information and prohibiting unnecessary and excessive exchange of such information within the government and to outside individuals." *Cochran v. United States,* 770 F.2d 949, 954 (11th Cir.1985).  The Privacy Act imposes upon federal agencies an array of record-keeping obligations to prevent unauthorized disclosures of confidential information.  It also created a private right of action, enabling citizens to sue when Privacy Act violations occur. 5 U.S.C. § 552a(g)(1).

Specifically, the Privacy Act contains a catch-all provision allowing an individual to bring a civil suit when an agency "fails to comply" with the Privacy Act "in such a way as to have an adverse effect on an individual." 5 U.S.C.

§ 552a(g)(1)(D). A civil plaintiff may recover actual damages, attorney's fees, and costs under this subsection, but the court must first determine that the agency acted intentionally or willfully. *See* 5 U.S.C. § 552a(g)(4).

In *Fanin v. U.S. Dep't of Veterans Affairs*, this Court summarized the four elements necessary to bring a claim under § 552a(g)(1)(D): The plaintiff must demonstrate that: (1) the government failed to fulfill its record-keeping obligation; (2) the agency acted intentionally or willfully in failing to perform its obligation; (3) the failure proximately caused an adverse effect on an individual; and (4) that individual suffered actual damages. 572. F.3d 868, 872 (11th Cir. 2009). Moreover, given the pleading standards announced in *Twombly* and *Iqbal,* Plaintiff must do more than recite these statutory elements in conclusory fashion. Rather, his allegations must proffer enough factual content to "raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555.

Thus, to state a claim under the Privacy Act, Plaintiff must not only allege that the agency failed to fulfill its record-keeping obligation, but that it did so intentionally or willfully. Plaintiff's second amended complaint, however, is devoid of any such facts. Plaintiff has not identified how the Department violated the Privacy Act. Plaintiff does not indicate any such violation was committed intentionally or willfully, rather than negligently. To the contrary, Plaintiff admits the Department had the "statutory authority to disclose" his student loan information,

and instead takes issue with the conduct of third-party entities, whom Plaintiff identifies as the Department's contractors. ECF Doc. 17 at 3; ECF Doc. 21 at 5.

Moreover, it appears that Plaintiff may actually be seeking to sue Defendant under the Family Educational Rights and Privacy Act ("FERPA") as that is the statute referenced by Plaintiff in the second amended complaint. There is, however, no private right of action under FERPA. *See*, *e.g.*, *Gonzaga Univ. v. Doe*, 536 U.S. 273, 289–90, 122 S.Ct. 2268, 153 L.Ed.2d 309 (2002); *Martes v. Chief Exec. Officer of S. Broward Hosp. Dist.*, 683 F.3d 1323, 1326 n.4 (11th Cir. 2012) (quoting *Gonzaga*, 536 U.S. at 290, 122 S.Ct. 2268) ("To be clear, *Gonzaga* declined to find a private right of action in FERPA because the relevant provisions 'contain no rights-creating language, they have an aggregate, not individual focus, and they serve primarily to direct the Secretary of Education's distribution of public funds to educational institutions.'").

Based on Plaintiff's scant allegations, the Court finds Plaintiff has failed to state a claim under the Privacy Act.

## III.    LACK OF JURISDICTION

The Court lacks jurisdiction over Plaintiff's fraud and FCRA claim because the United States has not waived its sovereign immunity against such claims. The Court lacks jurisdiction over Plaintiff's conversion claim because Plaintiff has failed to exhaust his administrative remedies as to that claim. Finally, the Court lacks

jurisdiction over Plaintiff's breach of contract claim as that claim must be brought in the court of federal claims Plaintiff.

## A.    Tort Claims Against the Department of Education

As stated above, Plaintiff seeks to recover damages against the Secretary for fraud and conversion.  The Federal Tort Claims Act ("FTCA") provides a limited waiver of sovereign immunity to permit persons injured by federal employee tortfeasors to file a lawsuit in federal district court against the United States.  28 U.S.C. §§ 1346(b), 2674; *Bunyan*, 501 F. Supp. 3d at 1271–72 ("The FTCA provides that federal district courts have exclusive jurisdiction over any claim against the federal government arising out of the act of a federal employee performed within the scope of his employment duties.").

"But in offering its consent to be sued, the United States has the power to condition a waiver of its immunity as broadly or narrowly as it wishes, and according to whatever terms it chooses to impose." *Zelaya v. United States*, 781 F.3d 115, 1321 (11th Cir. 2015), *citing United States v. Sherwood,* 312 U.S. 584, 586 (1941) ("[T]he terms of [the government's] consent to be sued in any court define that court's jurisdiction to entertain the suit.").  Thus, a court must strictly observe the "limitations and conditions upon which the Government consents to be sued" and cannot imply exceptions not present within the terms of the waiver.  *Id., citing Soriano v. United States,* 352 U.S. 270, 276 (1957)  If there is no specific waiver of

sovereign immunity as to a particular claim filed against the Government, the court lacks subject matter jurisdiction over the suit.  *See Meyer,* 510 U.S. at 475–76.

Indeed, not all torts are covered by the FTCA.  Some intentional torts are excepted from the FTCA.  The intentional torts exception excludes eleven (11) intentional torts from the FTCA's limited waiver of sovereign immunity.  In particular, "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights" are excluded.  *See* 28 U.S.C. § 2680(h). Thus, the United States has not waived its sovereign immunity for fraud claims. *Brown v. Fort Benning Fam. Communities LLC,* 108 F. Supp. 3d 1367, 1373 (M.D. Ga. 2015) ("The FTCA bars fraud claims against the United States"); 28 U.S.C. § 2680(h) (excluding from scope of FTCA "[a]ny claim arising out of misrepresentation or deceit").  Plaintiff's fraud in the inducement claim, therefore, should be dismissed.

Plaintiff's other tort claim is for conversion.  A conversion claim is not excluded under § 2680(h).  *See Goble v. Ward*, 628 F. App'x 692, 702 (11th Cir. 2015) (citing *Levin v. United States*, 568 U.S. 503, 507, n. 1 (2013) ("Section 2680(h) does not remove the FTCA's waiver all intentional torts e.g., conversion….")).  Because conversion is included within the FTCA, Plaintiff must allege that he has exhausted his administrative remedies, which he has not done.

Before instituting a claim against the United States under the FTCA, a plaintiff must exhaust required administrative remedies. *McNeil v. United States*, 508 U.S. 106, 107 (1993). If a party files suit in a district court before filing an administrative claim and exhausting the statutory administrative remedies, the suit will be premature and the district court will lack subject matter jurisdiction over the action. *See Turner ex rel. Turner v. United States,* 514 F.3d 1194, 1200 (11th Cir. 2008) (quoting *McNeil,* 508 U.S. at 113 ("[t]he FTCA bars claimants from bringing suits in federal court until they have exhausted their administrative remedies")).

To exhaust a claim under the FTCA, Plaintiff must "have first presented a claim to the appropriate Federal agency" – here the Department of Education. *See* 28 U.S.C. § 2675(a). Additionally, Plaintiff's claim must "have been finally denied by the agency in writing and sent by certified or registered mail." *Id.* Finally, the FTCA provides that "[t]he failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for the purposes of this section." *Id.*

Nowhere in Plaintiff's second amended complaint, however, does he allege that he has exhausted administrative remedies under the FTCA. Plaintiff's failure to adequately allege exhaustion in the complaint is grounds for dismissal for lack of subject matter jurisdiction. *Chapman v. U.S. Postal Serv.,* 442 F. App'x 480, 485 (11th Cir. 2011) ("Because she made no allegations and provided no documentation

that she presented the fraud allegations to the USPS as required by the statute, she failed to establish that the district court had jurisdiction to hear a claim under the FTCA."); *see also, Dalrymple v. United States,* 460 F.3d 1318, 1325 (11th Cir. 2006) ("we hold that the *Dalrymple* complaint does not meet this court's standard for satisfying the statutory prerequisite for filing suit under the FTCA").

Plaintiff also does not address exhaustion in his reply even though the issue was raised by the Defendant.  To the contrary, it appears from the reply that, instead of communicating with the Department of Education, Plaintiff communicated with the Consumer Financial Protection Bureau ("CFPB") and the credit reporting agencies.  ECF Doc. 21 at 18-26.  Indeed, the CFPB's response was for Plaintiff to contact the Department of Education, and there is no allegation or evidence Plaintiff did so.  *Id.* at 25.  Moreover, Plaintiff's complaint to the CFPB was in March 2021, but the inaccurate reporting Plaintiff complains of occurred as early as 2007.  Under 28 U.S.C. § 2401(b), a claim against the United States "shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues".  28 U.S.C. § 2401(b).

Thus, Plaintiff's conversion claim should be dismissed for failure to exhaust. *See e.g., Rodriguez v. Heart of Florida Center, Inc.*, 2015 WL 5672576, at * 2 (M.D. Fla. Sept. 24, 2015) (dismissing complaint under FTCA for failure to exhaust).

## B.    Fair Credit Reporting Act

Defendant also moves for dismissal of Plaintiff's FCRA claim on the basis of sovereign immunity.  There is "at present, a circuit split," regarding whether the United States has waived its immunity as to claims under the FCRA.  *Gray v. Equifax Info. Sys., LLC*, 519 F.Supp.3d 1138, 1141 (S.D. Fla. 2021).  Although the Eleventh Circuit has not yet addressed the issue, the Fourth and Ninth Circuits have concluded sovereign immunity applied.  *See Daniel v. National Park Service*, 891 F.3d 762 (9th Cir. 2018); *Robinson v. United States Department of Education*, 917 F.3d 799 (4th Cir. 2019), *cert. denied*, —— U.S. ——, 140 S. Ct 1440, 206 L.Ed.2d 842 (2020) (declining to resolve circuit split).  The Seventh Circuit, however, found a waiver to exist.  *See Bormes v. United States,* 759 F.3d 793 (7th Cir. 2014).

The Southern District of Florida discussed all three (3) opinions at length in *Gray v. Equifax Info. Sys., LLC*, a case involving similar claims against the Department of Education.  In granting the Department's motion to dismiss, the *Gray* court found the reasoning by the Ninth and Fourth circuits to be persuasive.  The undersigned does as well.

The FCRA imposes civil liability on "any person", who fails to comply with its provision.  15 U.S.C. § 1681n.  While the Act defines a "person" to mean "any individual, partnership, corporation, trust, estate, cooperative, association, government or government subdivision or agency, or other entity," there is a

"longstanding interpretative presumption that 'person' does not include the sovereign."  15 U.S.C. § 1681s-2(b); *see Gray*, 519 F.Supp.3d at 1142, *citing Vt. Agency of Nat. Res. V. United States ex rel. Stevens*, 529 U.S. 765, 780 (2000). Additionally, while other portions of the FCRA includes an explicit waiver referencing "[a]ny agency or department of the United States", section 1681n does not.  *See* 15 U.S.C. § 1681u(j).

As explained in *Gray,* the Fourth and Ninth circuits recognized "if the Court were to accept the United States as a 'person' under the FCRA's civil liabilities provision, then the Court must also accept the United States as a 'person' in all applicable FCRA provisions."  *Gray*, 519 F.Supp.3d at 1143, *citing Daniel*, 891 F.3d at 770.  Such an interpretation would also lead to "confusing and problematic results", "including: (i) allowing the Federal Trade Commission to bring suit against itself; (ii) authorizing state governments to launch enforcement actions against the federal government; (iii) exposing the United States to punitive damages; and (iv) exposing "any government," including foreign, tribal, and state governments, to liability and consequently compromising treaties."  *See id., citing* 15 U.S.C. §§ 1681n, 1681s, 1681(c)(1)(b); *Robinson*, 917 F.3d at 805 ("The statute bears no indicia of congressional intent to bring about such a bevy of implausible results, let alone an unambiguous and unequivocal intent to do so."); *Daniel*, 891 F.3d at 770.

While the courts are divided on this issue, the majority of courts addressing this issue after *Robinson*, have found no waiver.  *See e.g., Thorpe v. U.S. Dep't of Educ.*, 535 F.Supp.3d 1287, 1291 (S.D. Fla. April 27, 2021) ("the Court joins every district court to address the issue since *Daniel* and concludes that it cannot exercise subject matter jurisdiction over Plaintiff's claims"); *Scott v. Synchrony Bank*, 540 F.Supp.3d 337, 340 (W.D. NY 2021) ("Having carefully considered the issue, the Court agrees with the Fourth and Ninth Circuits that the FRCA does not unambiguously and unequivocally waive the United States' sovereign immunity"); *Stein v. U.S. Dep't of Educ.*, 450 F.Supp.3d 273, 277 (E.D. NY 2020) ("An examination of FCRA's text supports a finding that it does not contain a waiver of sovereign immunity."); *Quinn v. N. Carolina Dep't of Health & Hum. Servs.,* 2020 WL 369290, at *4 (W.D.N.C. Jan. 22, 2020) ("it is clear Congress did not abrogate state sovereign immunity in enacting the Fair Credit Reporting Act"); *Ainsworth v. U.S. Dep't of Educ.,* 2019 WL 6134482, at *3 (N.D. Okla. Nov. 19, 2019) ("to the extent that plaintiff alleges a violation of the FCRA, his claim appears to be barred under Rule 12(b)(1) by sovereign immunity"); *see contra, Hatch v. Equifax Information Syst., LLC*, 539 F.Supp.3d 768 (E.D. Mich. 2021) (relying on *Bormes*).

In Plaintiff's response, he does not address *Daniel, Robinson,* or *Gray.*  The only authority he cites is *Doe v. Chao*, 540 U.S. 614 (2004).  Plaintiff states that under that case, the "agency can be held liable for the deprivations of

unconstitutional acts of its employee(s) who are contracted to work for that agency."
ECF Doc. 21 at 5.  That case is inapplicable to whether the United States has waived
its sovereign immunity.

Thus, consistent with *Gray,* the Court finds the FCRA does not include an
unambiguous and unequivocal waiver of sovereign immunity permitting civil
damages against the federal government under the FCRA.  *See Gray,* 519 F.Supp.3d
at 1145.  This Court, therefore, does not have jurisdiction over Plaintiff's FCRA
claim.

### C.    Breach of Contract Claim

Plaintiff also seeks damages for breach of contract.  Defendant argues the
Court lacks jurisdiction over this claim because contract claims over $10,000 must
be filed in the United States Court of Federal Claims.  The undersigned agrees.

Under the Tucker Act, 28 U.S.C. § 1491, "[c]laims against the United States
exceeding $10,000 ('Big' Tucker Act claims), founded upon ... contract, are in the
jurisdiction of the Court of Federal Claims."  *Charles v. Rice,* 28 F.3d 1312, 1321
(1st Cir.1994); *O'Ferrell v. United States,* 968 F. Supp. 1519, 1526 (M.D. Ala.
1997), *aff'd,* 253 F.3d 1257 (11th Cir. 2001) (dismissing breach of contract claim
against the United States for lack of jurisdiction).  Congress specifically waived
sovereign immunity when it established the Court of Claims and vested in that court
jurisdiction over actions *ex contractu* against the United States….  *Alabama Rural*

*Fire Ins. Co. v. Naylor*, 530 F.2d 1221, 1229–30 (5th Cir. 1976), *citing Richardson v. Morris*, 409 U.S. 464 (1973).

Although Plaintiff does not break down his relief per claim asserted, he seeks $30,000 in actual damages. Also, in his reply, Plaintiff does not dispute his contract claim is greater than $10,000 and admits the "parties" to the subject promissory note are Plaintiff and the Department of Education. ECF Doc. 21 at 4.

Plaintiff argues nonetheless that Defendant's reliance on *O'Ferrell* is misplaced because he has met the elements of a breach of contract claim under Florida law. *Id.* Plaintiff, however, misunderstands the issue. Defendant is not arguing Plaintiff has not alleged facts sufficient to support a breach of contract claim under Florida law. Rather, the issue is that a breach of contract claim against the United States belongs in the Court of Federal Claims. Indeed, the cases relied upon by Plaintiff involve a breach of contract claim against a private party – not the United States.[5] The undersigned does not have jurisdiction over Plaintiff's breach of contract claim.

---

[5] Although *Jordan v. U.S. Dep't of Educ.*, 2018 WL 5300199, at *4 (M.D. Fla. Oct. 4, 2018) included claims against the Department of Education, the breach of contract claim was against the University of South Florida. Also, as discussed above, the court found the *Bivens* claim against the Department to be implausible.

## V.    CONCLUSION

For the reasons stated above, this case should be dismissed with prejudice because (1) Plaintiff has not stated a claim under *Bivens* or the Privacy Act and (2) the Court lacks jurisdiction over Plaintiff's fraud, conversion, breach of contract, and FCRA claims.

Accordingly, it is respectfully RECOMMENDED that:

1.    Defendant Cardona's motion to dismiss, ECF Doc. 19, be GRANTED.

2.    The First Amended Complaint, ECF Doc. 17, be DISMISSED WITH PREJUDICE.

3.    The clerk be directed to close the file.

At Pensacola, Florida, this 21st day of March, 2022.

*/s/ Hope Thai Cannon*

**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

<u>NOTICE TO THE PARTIES</u>

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.